IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELAINE T. HUFFMAN and<br>CHARLENE S. SANDLER,<br><br>      Plaintiffs,<br><br>vs.<br><br>CREDIT UNION OF TEXAS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 11-0022-CV-W-ODS<br>)<br>)<br>)<br>) |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' MOTION FOR ORAL ARGUMENT

Pending is Defendant's Motion for Judgment on the Pleadings. For the following reasons, the motion (Doc. # 22) is granted in part and denied in part.[1]

## I. BACKGROUND

Plaintiffs allege they borrowed money to finance the purchase of automobiles pursuant to a program under which the loans were made or arranged by a company called Centrix. The loans were ultimately purchased by Defendant, but Centrix continued servicing the loans on Defendant's behalf as its agent. E.g., Complaint, ¶¶ 3, 10-11, 13, 32. "In connection with each of these loans, [Defendant] took a security interest in the . . . motor vehicles and was reflected as the secured party and lienholder . . . ." Complaint, ¶ 5. Certain information related to the loans was allegedly not revealed. Complaint, ¶ 8.

Plaintiffs' vehicles were repossessed for nonpayment and subsequently sold. However, Plaintiffs allege the pre-sale notifications sent to them lacked information required by Missouri's codified version of the Uniform Commercial Code. E.g.,

---

[1]Plaintiffs' Motion for Oral Argument (Doc. # 41) is denied because the Court does not believe oral argument is necessary.

Complaint, ¶¶ 16-18. At some point, Defendant became aware that the notices Centrix sent on Defendant's behalf did not comply with the UCC and sent letters to borrowers whose cars had been repossessed. These letters allegedly contained a series of false representations and omissions. Complaint, ¶¶ 19-20.

Plaintiff Elaine Huffman's car was repossessed on or about January 17, 2005. Plaintiff Charlene Sandler's car was repossessed on or about January 21, 2005. Both were mailed, and presumably received, the pre-sale notification on or about the same date their cars were repossessed. Complaint, ¶¶ 27-28. Plaintiffs filed this suit in state court on November 24, 2010, alleging three causes of action. Count I alleges violations of the UCC, specifically sections 400.9-611 through 400.9-614 of the Revised Missouri Statutes, and seeks the relief permitted by section 400.9-625. Count II asserts violations of the Missouri Merchandising Practices Act ("MMPA"). The factual predicates for Count II include (1) material omissions made when the loan was made, (2) the use of pre-sale notifications that violated the UCC, and (3) the use of misleading communications once the UCC "violations" were discovered. Count III asserts a claim for conversion.

## II. DISCUSSION

"As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). All facts pleaded by the nonmoving party are presumed to be true, and all reasonable inferences are to be granted in favor of the nonmoving party. Judgment on the pleadings is appropriate when those facts and inferences demonstrate no material facts need to be resolved and the movant is entitled to judgment as a matter of law. E.g., Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008).

Defendant contends all three claims are time-barred. The Court holds that the Missouri Supreme Court would agree with respect to Counts I and III, so Defendant is

entitled to judgment on those claims.[2] The Court concludes that at least portions of Count II survive Defendant's motion.

## A. Count I

Defendant argues the applicable statute of limitation for all three of Plaintiffs' claims is five years. Plaintiffs argue the applicable statute of limitation is found in section 516.420, which provides as follows:

> None of the provisions of sections 516.380 to 516.420[3] shall apply to suits against moneyed corporations . . . to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation or any other law; but all such suits shall be brought within six years after the discovery by the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created.

The Court disagrees with Plaintiffs' position because section 516.420 can be triggered, and is capable of supplanting the otherwise applicable limitation period, only if the otherwise applicable limitation period lies in and between sections 516.380 and 516.420. However, this is not the case with respect to Plaintiffs' claims.

With respect to the UCC claims, the applicable limitation period would appear to be section 516.120(2), which provides a five year limitation period for "[a]n action upon a liability created by a statute other than a penalty or forfeiture." If the statute is "for a penalty or forfeiture," the limitation period would be one year pursuant to section 516.380 – which could be supplanted by section 516.420 if the other conditions in that

---

[2]"[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). This analysis also applies to a request for judgment on the pleadings.

[3]This is not a typographical error: section 516.420 includes itself within the range of statutes that do not apply in the circumstances described in that section. No party suggests (and the Court does not believe) that this language should be taken literally as it would completely deprive section 516.420 of all meaning.

3

statute are satisfied. Thus, the Court must determine whether the UCC provisions are "a penalty or forfeiture." If they are not, they are governed by section 516.120, and section 516.420 cannot apply by its own terms.

The Missouri Supreme Court has not indicated which statute of limitations applies to a claim under section 400.9-625, which is unsurprising given that the UCC is generally related to contractual matters and it is unusual to think of the Uniform Commercial Code as providing for penalties. More specifically, the statutes at issue also do not appear to be penal in nature. Depending on the violation in question, section 400.9-625 allows for, *inter alia*, actual damages, return of the "credit service charge . . . or the time-price differential," statutory damages in the amount of $500, and a *defense* to any effort by the creditor to recover a deficiency. It does not allow for punitive damages or the recovery of attorney fees.

Plaintiffs characterizes the statutory damages as a penalty, but this is not clear from the statute. Some statutory damages are penalties, while others are simply a form of liquidated damages designed to approximate the harm done to the wronged party. Plaintiffs also rely on descriptions from other contexts to suggest that the UCC provisions create a penalty, but the real question is whether they are regarded as a penalty in this context. Plaintiffs interpret the term "penalty" quite broadly, seemingly extending it to *any* remedy or cause of action; clearly, this is not the proper interpretation. While the UCC creates remedies and a right to relief for people whose rights are violated, nothing in section 400.9-625 suggests it is penal in nature. There is simply no indication that the Missouri Supreme Court would eschew the five-year limitation period contained in section 516.120 and apply the shorter, one-year limitation period contained in section 516.380 to claims under the UCC.

Decisions from other jurisdictions also provide guidance.[4]  In interpreting its version of the predecessor to 9-625,[5] the Alabama Supreme Court declined to apply the limitation period applicable to penal statutes and applied the longer period applicable to contract actions.  The court explained that the UCC provisions became part of the parties' contract so the suit "for damages for violation of these requirements is, in essence, a suit for breach of contract."  Weaver v. American Nat'l Bank, 452 So.2d 469, 473 (Ala. 1984).  Unlike Missouri, it appears that Alabama did not have a specific statute of limitations for actions under non-penal statutes, but the salient point is that the Alabama Supreme Court did not apply the limitation period applicable to penalties.  Similarly, the Michigan Court of Appeals held that the applicable limitation period was the "catchall" provision of six years, rather than the shorter period allowed for conversion claims.  State Bank of Standish v. Keysor, 419 N.W.2d 752, 754 (Mich. Ct. App. 1988).  The Southern District of Ohio, interpreting Ohio's codification of section 9-625, also held that the limitation period for penal statutes did not apply.  Jenkins v. Hyundai Motor Financing Co., 389 F. Supp. 2d 961, 972 (S.D. Ohio 2005).

Plaintiffs contend that the court-made rule prohibiting a secured lender from recovering a deficiency if the pre-sale notice is defective constitutes a forfeiture.  There are several problems with this view, the most notable of which is that this is a court-made rule and not a statutory claim.  Second, a secured party's action for a deficiency judgment accrues only after the secured party strictly complies with statutory requirements, including sending pre-sale notices.  States Resources Corp. v. Gregory, 339 S.W.3d 591, 596 (Mo. Ct. App. 2011).  If Defendant failed to strictly comply as Plaintiffs allege, Defendant's right to seek a deficiency judgment never accrued and there is nothing to forfeit.  Third, Missouri law treats strict compliance as an element a secured party must prove to be entitled to a deficiency judgment.  See Textron Financial

---

[4]"Where there is a paucity of Missouri case law interpreting a provision of the U.C.C., Missouri courts look for guidance to decisions of other jurisdictions."  Williams v. Regency Fin. Corp., 309 F.3d 1045, 1049 (8th Cir. 2002) (quotation omitted).

[5]Section 9-625 of the UCC was adopted in 2000; its predecessor was section 9-507.  Some of the decisions cited interpret the predecessor provision.

Corp. v. Trailiner Corp., 965 S.W.2d 426, 429 (Mo. Ct. App. 1998). If Defendant failed to strictly comply, it is merely a failure of proof on an element of Defendant's claim, not a "forfeiture." And fourth, even if the bar on deficiency judgments constitutes a forfeiture, Plaintiffs are not seeking to "recover" it. Plaintiffs' action seeking a judgment barring Defendant from pursuing deficiency actions is in the nature of a declaration seeking to vindicate a defense, not a suit to recover a forfeiture.

Plaintiffs advance several other arguments, none of which the Court finds persuasive. First, they rely on a series of other statutes relating to credit unions or financial transactions, including those found in Chapter 408. The obvious flaw in Plaintiffs' reliance is that they do not assert any claims predicated on Chapter 408.

Second, Plaintiffs contend that all statutory claims against moneyed corporations – including those that are not penalties – are governed by section 516.420. If this were true, one would expect at least one judicial decision from Missouri to clearly indicate that all claims against moneyed corporations are governed by section 516.420 – and the absence of such decisions casts doubt on this interpretation. This is particularly so given that section 516.420 has existed since 1939: if this statute was intended to dictate the limitations period for *all* claims against banks and other moneyed institutions, one surely would expect some clear indication from the Missouri courts before now. Plaintiffs' base their interpretation on a phrase from that statute stating that it applies to "*any liability created* by the act of incorporation or *any other law*" (emphasis supplied) and the Missouri Court of Appeals' decision in Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 178 (Mo. Ct. App. 2006). Plaintiffs' reliance on Schwartz utilizes passages taken out of context. Schwartz did not hold that section 516.420 applies to non-penal claims against moneyed corporations; in fact, its discussion of section 516.420 followed the court's determination that the statute in question was penal in nature. Thus, Shwartz had no occasion to consider whether section 516.420 applied to non-penal statutes. More importantly, the clear language of the statute dictates a contrary conclusion. As stated earlier, the beginning of the statute establishes that it supplants sections 516.380 to 516.420 when certain conditions are met and in the place of those statutes establishes a limitation period of six years. However, the limitation period for

Plaintiffs' claim is established by section 516.120 – not one of the statutes supplanted by section 516.420.  Cf. Glen v. Fairway Independent Mortg. Corp., 265 F.R.D. 474, 476-77 (E.D. Mo. 2010).  Moreover, if Plaintiffs' interpretation were correct, there would be no need for section 516.420 to include language describing the types of claims to which it applies: it would simply say that it applies to all claims against moneyed corporations.  The language suggests the Missouri Legislature's intent that section 516.420 apply to some, but not all, claims against moneyed corporations.

Finally, Plaintiffs present several arguments contending there are unresolved issues that preclude final consideration of Defendant's argument.  The Complaint establishes that Plaintiffs' cars were repossessed and they received[6] the relevant notices more than five years but less than six years before suit was filed.  A cause of action accrues "when the damage resulting . . . is sustained and is capable of ascertainment . . . ."  Mo. Rev. Stat. § 516.100.  This means that not only must the damage have occurred, but it must be capable of ascertainment.  E.g., Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 582 (Mo. 2006) (en banc).  In a claim alleging property was wrongfully taken and inadequate notice was provided, damages were first capable of ascertainment when the plaintiff knew the car was taken and the notice was received.  Cf. Chemical Workers Basic Union v. Arnold Savings Bank, 411 S.W.2d 159, 165 (Mo. 1967) (en banc).  This is an objective inquiry: "[t]he issue is not when the injury occurred, or when plaintiff subjectively learned of the wrongful conduct and that it caused his or her injury, but when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." Id. at 584. Even if Plaintiffs' claim does not require proof of damages (which is not clear, because the loss of the car would seem to be "damage"), their claim accrued more than five years ago because the wrongful conduct occurred more than five years before suit

---

[6]While Plaintiffs are entitled to reasonable inferences, it is not a reasonable inference to conclude they did not receive the notices close to the time they were mailed, particularly in the absence of any allegation by them that they did not receive the notices.

7

was filed. Chemical Wrokers Basic Union v. Arnold Savings Bank, 411 S.W.2d 159, 164 (Mo. 1966) (en banc) (per curiam); Rippe v. Sutter, 292 S.W.2d 86, 90 (Mo. 1956). These facts are provided in the Complaint, so further development of the Record is not required.

Missouri's codification of section 9-625 of the UCC is not a penal statute. Claims seeking relief under that provision must be filed within the time frame dictated by section 516.120, so section 516.420 does not apply. Plaintiffs' claims were filed more than five years after they accrued, so they must be dismissed.

### B. Count II

The MMPA prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat. § 407.020.1. Case law clearly establishes that the limitation period for such claims is found in section 516.120. E.g., Owen v. General Motors Corp., 533 F.3d 913, 921 n.6 (8th Cir. 2008); Boulds v. Chase Auto Finance Corp., 266 S.W.3d 847, 851 (Mo. Ct. App. 2008); Ullrich v. CADCO, Inc., 244 S.W.3d 772, 778 n.3 (Mo. Ct. App. 2008). Section 516.120 is not one of the statues capable of being supplanted by section 516.420, so the limitation period for Count II is five years.

This conclusion does not end the inquiry, because some aspects of Plaintiffs' claims may have arisen within five years of the suit's filing. In particular, these claims involve Defendant's conduct in connection with the collection of the debt. The Court solicited additional briefing from the parties to address whether post-transaction (including particularly post-default) activities could give rise to a violation of the MMPA. Having review the parties' arguments, the Court concludes the MMPA may apply to at least some of Defendant's conduct.

The initial flaw in Defendant's position is its focus on the purchase of the car, and its implicit treatment of the car as the merchandise in question. However, the MMPA statutorily defines "merchandise" to include "objects, wares, goods, commodities,

intangibles, real estate or services." Defendant's extension of credit is merchandise because it can be regarded as both an intangible and a service.

The MMPA broadly applies to unethical or unscrupulous conduct. As the Missouri Court of Appeals explained:

> An unfair practice is defined as a practice that either: (1) offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions *or* (2) is unethical, oppressive, or unscrupulous; *and* (3) presents a risk of, or causes, substantial injury to consumers.

Schuchmann v. Air Services Heating & Air Conditioning, Inc., 199 S.W.3d 228, 233 (Mo. Ct. App. 2006); see also Ports Petroleum Co. v. Nixon, 37 S.W.3d 237, 240 (Mo. 2001) (en banc) ("For better or worse, the literal words cover every practice imaginable and every unfairness to whatever degree."); Owen, 533 F.3d at 922. The statute also specifically dictates that "[a]ny act, use or employment declared unlawful by [the MMPA] violates [the MMPA] whether committed before, during or after the sale, advertisement or solicitation." Mo. Rev. Stat. § 407.010.1; see also Schuchmann, 199 S.W.3d at 233-35 (holding that regular refusal to honor a warranty can constitute an unfair trade practice).

Defendant relies on cases involving strangers to the original transaction to suggest that it cannot be held liable under the MMPA. E.g., State ex rel. Koster v. Portfolio Recovery Associates, LLC, 2011 WL 1522544 (Mo. Ct. App. 2011); Williams, 309 F.3d at 1050. While Defendant was not a party to the sale of the car, Plaintiff alleges Defendant was a party (through its agent, Centrix) to the provision of financing – and this is the transaction at issue in this case. Given that it was a party to this transaction, and given that the MMPA applies to unfair practices that occur "before, during or after" the transaction, the Court cannot conclude Defendant is entitled to judgment on the pleadings.[7]

---

[7]The Court leaves for another day a determination as to whether any (and which) alleged wrongful acts occurred outside the five year limitation period.

### C. Count III

Defendant contends Plaintiffs' claim for conversion is time-barred, and the Court agrees. There is little doubt that the applicable statute of limitation is section 516.120, which requires suit to be brought within five years. E.g., Gaydos v. Imhoff, 245 S.W.3d 303, 306 (Mo. Ct. App. 2008) (applying section 516.120 to hold that "all actions upon contracts . . . including actions for conversion, must be brought within a five-year statute of limitations."); Hamdan v. Board of Police Commissioners, 37 S.W.3d 397, 399 (Mo. Ct. App. 2001) (same). Once again, section 516.420 does not supplant the "normal" limitation period if that period is set by section 516.120.

Plaintiffs argue that their limitation period has not commenced because the repossession of their cars has not yet been determined to be improper. Accepting this argument would mean that the limitation period for conversion actions would never commence until the suit asserting conversion has been completed, because it is the conversion claim that establishes the impropriety of the defendant's actions. Moreover, the limitation period starts when "the damage is sustained and capable of ascertainment," Hamdan, 37 S.W.3d at 399, and in this case that point in time was when the cars were repossessed and the improper notices were received.

### III. CONCLUSION

Plaintiffs' Complaint establishes that Counts I and III were filed more than five years after the claims accrued, so Defendant is entitled to judgment on these claims. The Missouri Merchandising Practices Act is also governed by a five year limitation period, but some of Defendant's alleged misconduct occurred less than five years before the suit was filed. Therefore, Defendant is not presently entitled to judgment on Count II.
IT IS SO ORDERED.

DATE: October 20, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT